```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION

AIMEE LYNNE YATES,                *
                                  *
    Plaintiff,                    *
                                  *
vs.                               *  CIVIL ACTION NO. 20-00131-KD-B
                                  *
HUEY HOSS MACK, et al.,           *
                                  *
    Defendants.                   *
```

## REPORT AND RECOMMENDATION

This matter, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), is before the Court on Defendants' Motions to Dismiss (Docs. 16, 47, 49, 51, 53, 56, 57, 59, 61, 62), Plaintiff's Motion to Amend Complaint (Doc. 78), and Plaintiff's Motion to Dismiss Defendants Baldwin County Sheriff Office, Baldwin County Major Crime Unit Task Force, and Baldwin County SWAT Team. (Doc. 72). Upon consideration, the undersigned **RECOMMENDS** that Plaintiff's motion to amend the complaint be **GRANTED** and that the Clerk be **DIRECTED** to docket Plaintiff's First Amended Complaint, which is attached to her motion to amend. (Doc. 78). The undersigned further **RECOMMENDS** that Defendants' Motions to Dismiss (Docs. 16, 47, 49, 51, 53, 56, 57, 59, 61, 62) be **DENIED as moot.** The undersigned further **RECOMMENDS** that Plaintiff's motion to dismiss Defendants Baldwin County Sheriff Office, Baldwin County

Major Crime Unit Task Force, and Baldwin County SWAT Team (Doc. 72) be **GRANTED**.[1]

Turning to Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 78), the undersigned observes that Plaintiff, Aimee Lynne Yates,[2] filed this action against thirty-nine Defendants, alleging various claims under 42 U.S.C. § 1983, including excessive force and violations of the First, Second, Fourth, and Fourteenth Amendments, discrimination under the Americans with Disabilities Act, negligence, wantonness, wrongful death, abuse of process (including conspiracy), breach of implied warranty of habitability, and reckless infliction of emotional distress. (Doc. 1 at ¶¶ 39-97). Plaintiff bases these claims on allegations that the Defendants caused the unlawful death of Robert Lewis Yates, Jr., on March 5, 2018, as a result of their involvement in the execution of an Alias Writ of Possession on Yates's mobile home residence, located in Fairhope, Alabama, and a subsequent standoff with police during which officers shot and killed the decedent. (Doc. 1 at 9-10; Doc. 78 at 13-15).

In her motion to amend the complaint, Plaintiff requests leave

---

[1] On July 15, 2020, Plaintiff voluntarily moved to dismiss Defendants Baldwin County Sheriff Office, Baldwin County Major Crime Unit Task Force, and Baldwin County SWAT Team. (Doc. 72). Defendants do not oppose the motion. (Id.). Therefore, Plaintiff's motion to dismiss these Defendants is due to be granted.

[2] Aimee Lynne Yates, the daughter of the decedent Robert Lewis Yates, Jr., sues as the personal representative of the Estate of Robert Lewis Yates, Jr. (Doc. 1).

to amend the complaint to respond to various deficiencies raised by Defendants in their motions to dismiss. (Doc. 78). Plaintiff's proposed amended complaint appears to seek to address Defendants' objections that the complaint is a "shotgun pleading" that requires more detailed allegations in order to state a claim upon which relief could be granted. (Doc. 16 at 2; Doc. 51 at 3; Doc. 59 at 1; Doc. 61 at 1). In the proposed amended complaint, Plaintiff provides additional factual information regarding the alleged involvement of the individual Defendants in the activities leading up to and surrounding the decedent's death. (Doc. 78). In addition, Yates seeks to both add and delete Defendants as well as claims. (Id.). For example, the proposed amended complaint deletes as named Defendants Baldwin County Sheriff's Office, Baldwin County Major Crime Unit Task Force, and Baldwin County SWAT Team, and it omits claims for violations of the Second and Eighth Amendments, negligence, wantonness, and infliction of emotional distress. (Doc. 78). In addition, as requested by Defendants Don and Tim DeBourge in their motion to dismiss, Plaintiff appears to have dropped any claim for breach of implied warranty of habitability. (Doc. 56 at 9; Doc. 78). Yates also appears to add a claim for "conspiracy" (Count VI) and "Supervisor Liability" (Count VII)(Doc. 78 at ¶ 69, *et seq*.) and specifically names the individual Defendants allegedly responsible for the decedent's wrongful death. (Id. ¶ 77, *et seq*.).

Defendants maintain that Plaintiff's request for leave to amend should be denied because it is untimely and because it fails

3

to address the deficiencies listed in Defendants' motions to dismiss. (Docs. 79, 80, 83, 84, 85). Rule 15(a) of the Federal Rules of Civil Procedure governs the amendments of pleadings before trial. Rule 15(a) states that a party "may amend its pleading once as a matter of course" within 21 days after serving the pleading, or, if the pleading is one in which a responsive pleading is required, within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

The decision whether to grant leave to amend a complaint is within the sole discretion of the district court. Redman Home Builders Co. v. Lewis, 513 F. Supp. 2d 1299, 1313 (S.D. Ala. 2007) (citing Laurie v. Alabama Ct. of Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001)). However, Rule 15(a) tempers the court's discretion by directing that "leave shall be freely given when justice so requires." Id. (citing Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he [or she] ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). Thus, the court must have a substantial reason to deny a motion to amend. Laurie, 256 F.3d at 1274. Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure

4

to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." Redman, 513 F. Supp. 2d at 1313 (quoting Foman, 371 U.S. at 182).

In the present case, Yates filed her motion for leave to amend on August 18, 2020. Although Defendants argue that the request should be denied as untimely because it was filed the day after the August 17 deadline established by the Court (Doc. 78),[3] Yates' counsel proffers that he sought to upload the motion on August 17th. However, he encountered computer problems and was not able to upload the motion until twenty-one minutes after midnight on August 18, 2020. (Doc. 82). In light of counsel's explanation for the tardy filing, the Court declines to find that the request for leave to amend the complaint should be denied as untimely.

Because Yates's request to amend comes outside of the window provided in Rule 15(a)(1), leave of Court is required absent the written consent of the adverse parties. As previously stated, Defendants also argue that the Court should not allow the amendment because the proposed amended complaint fails to cure any of the deficiencies noted in the various motions to dismiss filed by Defendants. Indeed, where a proposed amended complaint is futile because it fails to state a claim, such is a sufficient bases for denying leave to amend. Rudolph v. Arthur Andersen & Co., 800 F.2d

---

[3] The Court granted Plaintiff's request for an extension of time to file a response to Defendants' motions to dismiss and set a deadline of August 17, 2020. (Doc. 74).

5

1040, 1042 (11th Cir. 1986); Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 777 n.10 (11th Cir. 2000)("[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). Leave to amend should be denied on the ground of futility "only if [the] proposed amendment is 'clearly insufficient or frivolous on its face.'" Southwest Ala. Behavioral Health Care Sys. v. Netsmart Techs., Inc., 2015 U.S. Dist. LEXIS 160035, *3, 2015 WL 7721220, *1 (S.D. Ala. Nov. 30, 2015) (citations omitted). That is not the case here.

It appears that the determination of the nature of each named Defendant's involvement, if any, in the matters alleged in the amended complaint may require an in-depth factual inquiry.[4] In any event, contrary to Defendants' arguments, it does not appear on the face of the proposed amended complaint that, as a whole, Yates' claims are subject to dismissal for failure to state a claim upon which relief can be granted.[5]

---

[4] For example, Yates has alleged that, on the day that the decedent was killed, Defendants Correa and Smith were acting as "personal agents" of Defendant DeBourge (the owner of the mobile home park), not within the scope of their employment as deputies with the Baldwin County Sheriff's Department when they entered the decedent's trailer and fired their weapons at the decedent. (Doc. 78 at ¶ 15, *et seq.*).

[5] To the extent that a particular Defendant has a complete defense to all or some of the claims set forth in the proposed amended complaint (*e.g.,* immunity), said Defendant may file a motion to dismiss said claim(s) based on the new allegations set forth in the proposed amended complaint. However, the parties are reminded that "[o]n a motion to dismiss, it is the allegations in the complaint that are reviewed, not the allegations in the motion to dismiss or the response." Prescott v. Oakley, 2016 U.S. Dist.
(Continued)

Viewed as a whole, the proposed amended complaint appears neither frivolous nor clearly insufficient on its face. Cf., Taylor v. Florida State Fair Auth., 875 F. Supp. 812, 815 (M.D. Fla. 1995) ("The determination of whether the defendant Florida State Fair Authority authorized the alleged retaliatory acts by defendants Carlton, Stengel, or Rigdon, or held these individuals out as its authorized agents with regard to the alleged retaliatory actions, appears to require a complex factual inquiry. As such, the proposed amended complaint is not frivolous or clearly insufficient on its face and the plaintiff's motion for leave to amend should therefore not be denied on the ground of futility.")(citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 511 (4th Cir. 1986) ("The complexity of the arguments advanced by counsel on both sides indicates that the issue of the applicability of the Connecticut Act is not obviously frivolous" and, thus, the district court erred in denying, as futile, plaintiff's motion to amend the complaint to assert an additional cause of action)).

The Court further notes that Yates filed her motion to amend the complaint in response to Defendants' assertions that the Court

---

LEXIS 187742, *7, 2016 WL 8919458, *3 n.3 (M.D. Fla. Dec. 6, 2016). Accordingly, factual allegations outside of the amended complaint will not be considered and are best reserved for summary judgment. See In re Takata Airbag Prod. Liab. Litig., 2017 U.S. Dist. LEXIS 85412, *158, 2017 WL 2406711, *6 (S.D. Fla. June 1, 2017)("at the motion to dismiss stage, the Court does not consider facts outside of the Complaint.").

7

should require Yates to file a more definite statement.[6] (Doc. 51 at 3; Doc. 53 at 3). Moreover, there is nothing in the record to suggest that Defendants would be prejudiced by the proposed amendment at this stage of the litigation. Accordingly, for each of the foregoing reasons, the undersigned **RECOMMENDS** that Yates's Motion for Leave to Amend her Complaint be **GRANTED** and that Defendants' Motions to Dismiss, or in the Alternative, Motions for More Definite Statement (Docs. 16, 47, 49, 51, 53, 56, 57, 59, 61, 62) be **DENIED as moot.**[7] Pintando v. Miami-Dade Housing Agency, 501 F. 3d 1241, 1243 (11th Cir. 2007). ("As a general matter, [a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.")(quoting Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V Olympia Voyager, 463 F. 3d 1210, 1215 (11th Cir. 2006)) (quotation marks omitted); see also Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002) (noting that the plaintiff's filing of an amended complaint "rendered moot the parties' previous pleadings and the defendants' summary judgment and Daubert motions.").

Accordingly, for the reasons set forth herein, the undersigned recommends that Plaintiff's Motion to Amend the Complaint (Doc. 78)

---

[6] Defendants have specifically requested that Plaintiff be required "to replead" her complaint to provide a more definite statement. (Doc. 51 at 3; Doc. 53 at 3; Doc. 79 at 1; Doc. 86 at 1).

[7] In making this recommendation, the undersigned makes no finding with respect to whether all of Yates' claims against all Defendants will survive following closer scrutiny.

be **GRANTED** and that Defendants' Motions to Dismiss (Docs. 16, 47, 49, 51, 53, 56, 57, 59, 61, 62) be **DENIED as moot**.[8] The undersigned further **RECOMMENDS** that Plaintiff's motion to dismiss (Doc. 72) be **GRANTED**.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that, under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper

---

[8] Defendant Mack also filed a motion to strike the "misidentification"/misspelling of his name in the original complaint and requested that, if the Court allows Plaintiff to file an amended complaint, that Plaintiff be ordered to correct the spelling. (Doc. 55 at 3). Plaintiff has corrected the spelling of Defendant Mack's name in the proposed amended complaint. Therefore, the undersigned further recommends that Defendant's Motion to Strike be **DENIED as moot**.

9

objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this the **2nd** day of **September, 2020.**

                                         **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**