# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **AIMEE LYNNE YATES,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 1:20-00131-KD-B |
| ) | |
| **HUEY HOSS MACK,** *et al.*, ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on Plaintiff's unopposed Fed.R.Civ.P. Rule 41(a)(2) motion to dismiss 24 defendants with prejudice (Doc. 128) and Plaintiff's unopposed motion for leave to file a Second Amended Complaint (Doc. 129).

A review of these filings indicates that Plaintiff simply endeavors to dismiss her claims in this case against the following defendants: Judd Beedy, Chad Lambert, Jason Woodruff, Chuck Sutherlin, Glen Hartenstein, Larry Dearing, Tony Nelson, Charles Varnado, Bill Smith, Curtis Summerlin, Daniel Steelman, Donnie Payne, Jarrod Sheffield, Jason Hall, Joseph Davis, Larry Paul, Jr., Lonnie McKinney, Mathew Hunady, Matt Morrison, Nate Lamplugh, Randy Younce, Rob Lindell, Shane Robinson, and Rex Bishop. While Rule 41 of the Federal Rules of Civil Procedure can be used by a plaintiff to dismiss all claims against less than all of the defendants, a plaintiff should instead amend the complaint (not move to dismiss). See, e.g., Plains Growers, Inc. v. Ickes–Braun Glasshouses, Inc., 474 F.2d 250, 253 (5th Cir. 1973); Exxon Corp., 599 F.2d at 661-62. Indeed, the Eleventh Circuit has explained that when a plaintiff seeks to dismiss a claim against a defendant or defendants, but not the entire case, filing a motion to amend the complaint is the proper procedure. Campbell v. Altec Indus., Inc., 605 F.3d 839, 841 (11th Cir. 2010) ("Our circuit precedent dictates that Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action. A plaintiff wishing to eliminate particular

1

claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).") (quoting Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004) (quoting 8 Moore's Federal Practice § 41.21[2], at 41-32)) (internal quotation marks omitted).

Given that the time for amending pleadings as a matter of course under Rule 15(a)(1)[1] has passed, Rule 15(a)(2) applies in this procedural posture. This means Plaintiff "may amend" her "pleading only with the opposing party's written consent or the court's leave." Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). The Court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Servs., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); Donley v. City of Morrow, Ga., 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

Plaintiff moves to amend the complaint to dismiss 24 of the defendants via granting leave to file the attached proposed Second Amended Complaint (which neither names these defendants nor includes any claims against these defendants). Plaintiff asserts that she "has met and conferred with the counsel for the defendants in this matter, and all parties have indicated that they consent to this motion for leave." (Doc. 129 at 1). Additionally, Plaintiff states there is no undue delay, bad faith, or dilatory motive on the part of the Plaintiff and no party will suffer prejudice by allowance of the

---

[1] The Rule provides as follows: "(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

amendment. Thus, since the Court has not ascertained any substantial reason to deny Plaintiff's Motion, and all parties have consented to the motion, the interests of justice indicate that the motion should be granted. Borden, Inc. v. Florida East Coast Ry. Co., 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment").

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to file the Second Amended Complaint (Doc. 129) is **GRANTED** and the Clerk is **DIRECTED** to docket Doc. 129-1 as the Second Amended Complaint. Additionally, as the Court approved filing of an amended complaint supersedes the prior complaint,[2] Plaintiff's Rule 41(a)(2) motion (Doc. 128), seeking to dismiss the same 24 defendants, is rendered **MOOT**.[3] It is further **ORDERED** that the previously filed motions to dismiss (Docs. 95, 97, 99, 102, 103, 104, 106, 108, 110 and 111), are also rendered **MOOT** due to the filing of the Second Amended Complaint.

**DONE** and **ORDERED** this the **10th** day of **March 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] See, e.g., Pintando v. Miami–Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) ("...'[a]n amended pleading supersedes the former pleading; the original ...is abandoned by the amendment, and is no longer a part of the pleader's averments ...[]'"); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case[]"); Meterlogic, Inc. v. Copier Solutions, Inc., 185 F.Supp.2d 1292, 1297 (S.D. Fla. 2002) (an amended complaint "rendered moot the parties' previous pleadings…[]").

[3] For clarification, the effect of Plaintiff's second amended complaint is that she has unilaterally dropped all of her claims against Defendants Judd Beedy, Chad Lambert, Jason Woodruff, Chuck Sutherlin, Glen Hartenstein, Larry Dearing, Tony Nelson, Charles Varnado, Bill Smith, Curtis Summerlin, Daniel Steelman, Donnie Payne, Jarrod Sheffield, Jason Hall, Joseph Davis, Larry Paul, Jr., Lonnie McKinney, Mathew Hunady, Matt Morrison, Nate Lamplugh, Randy Younce, Rob Lindell, Shane Robinson, and Rex Bishop -- meaning these individuals are no longer parties and shall be terminated from this case.