# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AIMEE LYNNE YATES, )<br>as personal representative of the )<br>Estate of Robert Lewis Yates, Jr. )<br>deceased, )<br> )<br>    PLAINTIFF, )<br> )<br>V. )<br> )<br>SHERIFF HUEY HOSS MACK; )<br>BALDWIN COUNTY, ALABAMA, et al. )<br>TIM DEBOURGE, DON DEBOURGE, )<br>TONY NOLFE, STEVE ARTHUR, )<br>ROBERT CORREA, NATHAN LUSK, )<br>JUSTIN CORREA, GREG SMITH, )<br>ANDRE REID, )<br> )<br>    DEFENDANTS. ) | CASE NO.: 1:20-CV-00131-KD-B |

## DEFENDANT BALDWIN COUNTY, ALABAMA'S MEMORANDUM BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Baldwin County, Alabama, a Defendant in the above-styled action, and in support of its Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed contemporaneously herewith, asserts the following:

## INTRODUCTION

Plaintiff's claims against Baldwin County, Alabama fail because, as a matter of law, the County cannot be held liable for the law enforcement actions of the Sheriff. Plaintiff names Baldwin County as a defendant to this action and insinuates that the Sheriff Office is an extension of the County, despite easily researchable case law which solidifies that the Sheriff and Sheriff's deputies are not agents of the County but rather are extensions of the State. Throughout

the Complaint, Plaintiff makes this mistake. The applicable allegations regarding Baldwin County are as follows:

> 3. Defendant Baldwin County, Alabama (hereinafter "Baldwin County") is a political subdivision of the State of Alabama.
>
> 55. All of the named individual defendants, including Defendants Correa, Smith, Mack, Nolfe and Lusk, the on scene commanders, and Arthur, and Reid, and the SWAT commanders were acting under color of law outside the line and scope of the employment, and the DeBourges were acting under purported color of law in conjunction with executing the writ of possession under the authority of the officials of Defendants Baldwin County, Sheriff Mack, the Sheriff Department, and its Swat Team Cdrs, MCU Investigators, and Negotiators.
>
> 56. On information and belief, it is the policy or custom of the Sheriff Mack, Baldwin County, its Sheriff Department, and its Swat Team to allow, to fail to prohibit, or fail to discipline such actions, so as to constitute the policy of Sheriff Mack, Baldwin County, its Sheriff Department, and its Swat Team Cdrs, MCU Investigators, and Negotiators. Further, said defendants failed to train its officers, despite notice of the need to do so, to avoid such constitutional violations. It is the further policy of the Baldwin County Sheriff Department not to enforce policies and procedures in place pertaining to persons with mental health concerns, such as Yates. In the alternative, no reasonable policies and procedures in place exist. The breach in this case was done without a search warrant on Yates's mobile home in violation of the Fourth Amendment. All named Defendants are liable for said breach.
>
> 86. Baldwin County, Alabama, through, and employers in the Probate Court of Baldwin County, including the sheriff deputies its agents, officers they employed to assist in involuntary commitment hearings, knew of Yates' mental disability and disorders, having initiated several involuntary commitment proceedings against Yates in the past through the Probate Court of Baldwin County, Alabama, and by Yates' own 911 calls to the Baldwin County 9-1-1 District Call Center.
>
> 87. Yates desperate pleas for help were ignored by Baldwin County, Alabama, by and through, defendant Sheriff Mack whose sheriff deputies act as officials who are employed to assist in probate court involuntary commitment hearings, in Baldwin County, Alabama, and by the Baldwin County 9-1-1 District Call Center, and other officials who were in charge of their operations.
>
> 88. Said actions by said Baldwin County, Alabama and its officials constitute disability discrimination under the Americans with Disabilities Act.
>
> (Doc. 131, PageID. 1280, 1304, 1314, 1315.)

Plaintiff's Complaint condemns itself as it relates to Baldwin County. It recites buzz words such as *employment, knew*, and *employers*, obviously to assert that Baldwin County has some duty over the conduct and operation of the Sheriff's Office and sheriff's deputies and tries to contort the American Disabilities Act to fit the claims. However, such theory is contrary to decades of established law establishing that the County is not responsible for the day-to-day operations of the Sheriff's Office; even in claims arising out of the ADA, these claims cannot be sustained because Baldwin County does not make the policies that Plaintiff claims violate the Act. Further, to the extent that Plaintiff seeks to impute liability on the County for the actions or omissions of the Baldwin County 9-1-1 District Call Center, emergency communication districts are political and legal subdivisions of the state, instilled with the power to sue and be sued in their corporate names.

**STANDARD OF REVIEW**

Baldwin County, Alabama invokes Rule 12(b)(6) as the basis for its Motion to Dismiss. Under a Rule 12(b)(6) motion to dismiss, a court must accept the facts plead as true and construe those facts in a light favorable to the nonmoving party. *Quality Foods De Centro Am., S.A. v. Latin Am. Agribusiness*, 711 F.2d 989, 994–95 (11th Cir. 1983). A court should draw all "reasonable inferences" in favor of the non-movant. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court rejected the "no set of facts" standard for determining the sufficiency of a complaint challenged by a Rule 12(b)(6) motion. 550 U.S. 544, 546 (2007).[1] Even under Rule 8(a) there must be a "'statement of

---

[1] In *Twombly*, the Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*,

3

circumstances, occurrences, and events in support of the claim presented' and . . . not . . . a pleader's 'bare averment that he wants relief and is entitled to it.'" *Twombly*, 550 U.S. at 555 n.3 (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level," *Id.*, as the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* At 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court elaborated on the principles behind its holding in *Twombly*.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. **Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice**. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, **but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.** Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."**

*Iqbal*, 556 U.S. at 678–79 (internal citations and quotations omitted) (emphasis added).

---

550 U.S. at 561 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 546.

## ARGUMENT

I. **ALL CLAIMS AGAINST BALDWIN COUNTY CANNOT BE SUSTAINED AS A MATTER OF LAW.**

The Alabama Supreme Court has held that "[s]heriffs are not county employees, particularly for purposes of imposing *respondeat superior* liability upon the county." *Ex parte Sumter County,* 953 So. 2d 1235, 1239 (Ala. 2006) Further, the United States Supreme Court in *McMillian* recognized that this notion is well established in Alabama law when it stated:

> Critically for our case, the Alabama Supreme Court has interpreted these provisions and their historical background as evidence of "the framers' intent to ensure that sheriffs be considered executive officers of the state." *Parker,* 519 So.2d, at 444. Based primarily on this understanding of the State Constitution, the court has held unequivocally that sheriffs are state officers, and that tort claims brought against sheriffs based on their official acts therefore constitute suits against the State, not suits against the sheriff's county. *Id.,* at 443–445.[5] Thus, Alabama counties are not liable under a theory of *respondeat superior* for a sheriff's official acts that are tortious. *Id.,* at 442. The issues in *Parker* are strikingly similar to the ones in the present case, and that decision is therefore strong evidence in favor of the Court of Appeals' conclusion that sheriffs act on behalf of the State, rather than the county, when acting in their law enforcement capacity.

*McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 789, 117 S. Ct. 1734, 1738–39, 138 L. Ed. 2d 1 (1997) (citing *Parker v. Amerson,* 519 So. 2d 442, 443-445 (Ala. 1987) (emphasis added). "Alabama's Constitution clearly denominates the sheriff as a member of the state's executive department." *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1288 (11th Cir. 1998) (citing Ala. Const. of 1901, Art. V § 112). "[B]ecause a sheriff is an executive officer, 'a sheriff is not an employee of a county for the purposes of imposing liability on the county.'" *Turquitt,* 137 F.3d at 1288 (citing *Parker,* 519 So. 2d at 442).

Likewise, Baldwin County cannot be held liable for acts of Baldwin County Sherriff's Office. Sheriffs and Sheriffs' deputies are not county employees. *Ex parte Sumter County,* 953 So. 2d at 1239 (explaining "sheriffs and deputy sheriffs are [both] executive officers of this

State"). Under Alabama law, "[t]he deputy sheriff is the alter ego of the sheriff." *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1526 (11th Cir. 1990) (citing *Mosely v. Kennedy*, 17 So. 2d 536, 537 (1944)). Under Alabama law, acts of a deputy sheriff are, by extension, acts of the sheriff. *Hester v. Lowndes County Comm'n*, No. 2:06-cv-572-WHA, 2006 WL 2547430, at *6 (M.D. Ala. Sept. 1, 2006) (citing *Hereford v. Jefferson County*, 586 So. 2d 209, 210 (Ala. 1991)). "It follows, therefore, that a deputy sheriff is a state officer and not an employee of the county or the county commission." *Hester*, 2006 WL 2547430 at *6 (holding an Alabama County could not be held liable in *respondeat superior* for the acts of a county deputy).

Alabama law gives counties only the powers delegated to them by the legislature. *McMillian* 520 U.S. at 790. (characterizing Alabama counties as "creatures of the State who have only the powers granted to them by the State"). Law enforcement authority is not a power delegated to the counties. *McMillian*, 520 U.S. at 790 (stating "the 'powers and duties' of the counties themselves . . . do not include any provision in the area of law enforcement"). As a matter of law, one cannot be held liable for the actions of a person who is not an agent, servant, or employee. *Merrell v. Joe Bullard Oldsmobile, Inc.*, 529 So. 2d 943, 945 (Ala. 1988) (requiring that an agent commit a tort within the course and scope of the agent's employment before imposing liability on the agent's principal).

Additionally, to the extent Plaintiff seeks to impose liability on Baldwin County for the actions or omissions of the Baldwin County 9-1-1 Emergency Communication District, those claims must also fail. Emergency Communication Districts ("ECD") in the State of Alabama "are political and legal subdivisions *of the state*, with the power to sue and be sued in their corporate names." *Hutchinson v. Choctaw County Emergency Communication District*, 906 So. 2d 933, 937 (Ala. Civ. App. 2004) (emphasis in original) (quoting Ala. Code 1975 § 11-98-2).

Accordingly, Baldwin County is due to be dismissed from this case. A board of commissioners governs the affairs of ECDs including employment, operations, a defending civil action in any court having jurisdiction of the subject matter and of the parties. Ala. Code § 11-98-4(a),(d),(f), (f)(1). Thus, the actions of Baldwin County 9-1-1 Communication District are not the actions of Baldwin County or the Baldwin County Commission for purposes of imposing liability. *See Cf Hutchinson*, 906 So. 2d at 937.

Plaintiff's ADA claims are as equally unsupported by the law but are even more farfetched. The following allegations are contorted to make an ADA claim. 1) Yates had a mental condition. 2) In 2002, 16 years before the incident, he was committed by the probate court, a judicial body not a governmental body of Baldwin County. 3) Baldwin County ignored Yates pleas by and through Sheriff Mack. First, these allegations are the quintessential example of "labels and conclusions, and a formulaic recitation of the elements of a cause of action" pleading that is condemned by *Twombly*. Equally as important though, this theory is another example of how Plaintiff confuses the role of the County and the role of the Sheriff. Baldwin County does not work "by and through, defendant Sheriff Mack" – Sheriff Mack is a state officer, not a county official. Likewise, the Probate Court is a judicial body and not an arm of county government. Ala. Code (1975) § 12-1-2. Accordingly, Plaintiff's claims against Baldwin County must be dismissed.

## **CONCLUSION**

Based upon the foregoing, Defendant Baldwin County, Alabama requests this Honorable Court issue an Order dismissing it from this action. Further, because this issue is well established, this Defendant requests reimbursement of all fees and costs pursuant to 42 U.S.C. § 1988.

Respectfully submitted this 24th day of March, 2021.

s/J. Randall McNeill
J. RANDALL MCNEILL (ASB-4841-E29J)
JOSHUA A. WILLIS (ASB-4928-M10T)
Attorneys for Defendants Sheriff Huey Hoss Mack, Baldwin County, Alabama, Robert Correa, Greg Smith, Tony Nolfe, Nathan Lusk, Justin Correa, Steve Arthur, and Andre Reid
WEBB MCNEILL WALKER PC
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124
(334) 262-1850 T
(334) 262-1889 F
rmcneill@wmwfirm.com
jwillis@wmwfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 24th day of March 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Francois M. Blaudeau
Evan T. Rosemore
2224 1st Avenue North
Birmingham, AL 35203
evan@southernmedlaw.com
francois@southernmedlaw.com

Anthony J Piazza
Anthony Piazza, P.C.
P.O. Box 550217
Birmingham, Alabama 35255
anthonypiazza0326@hotmail.com

William Douglas Montgomery, Jr.
107 St. Francis Street, Suite 3340
Mobile, AL 36602
monty@ball-ball.com

/s/J. Randall McNeill
OF COUNSEL