# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AIMEE LYNNE YATES, as personal representative of the Estate of Robert Lewis Yates, Jr. deceased, <br><br> PLAINTIFF, <br><br> V. <br><br> SHERIFF HUEY HOSS MACK; BALDWIN COUNTY, ALABAMA, et al. TIM DEBOURGE, DON DEBOURGE, TONY NOLFE, STEVE ARTHUR, ROBERT CORREA, NATHAN LUSK, JUSTIN CORREA, GREG SMITH, ANDRE REID, <br><br> DEFENDANTS. | CASE NO.: 1:20-CV-00131-KD-B |

**DEFENDANTS SHERIFF HUEY HOSS MACK, BALDWIN COUNTY, ALABAMA, TONY NOLFE, STEVE ARTHUR, ROBERT CORREA, NATHAN LUSK, JUSTIN CORREA, GREG SMITH, AND ANDRE REID'S OPPOSITION TO NOTICE OF SUPPLEMENTAL AUTHORITY AND MOTION TO STRIKE**

COME NOW Defendants Sheriff Huey Hoss Mack Baldwin County, Alabama, Tony Nolfe, Steve Arthur, Robert Correa, Nathan Lusk, Justin Correa, Greg Smith, and Andre Reid and submit their Opposition to Notice of Supplemental Authority and Motion to Strike as follows:

The Plaintiff submitted a Notice of Supplemental Authority on July 2, 2021, citing to the recently decided case of *Lange v. California*, 2021 WL 2557068 (2021). (Doc. 149). To be frank, Plaintiff's contention that *Lange* has relevance to the issues in the instant case shows one of two things: (1) that the Plaintiff does not understand the claims in her own complaint, or (2) that she is grasping at straws to maintain her case and to delay the inevitable. Because it is a gross mischaracterization of *Lange* to assert that it is relevant to the case at hand, Defendants submit this opposition and respectfully request that this Court disregard the Plaintiff's Notice of Supplemental

Authority and strike the Plaintiff's Notice as immaterial and impertinent. *See*, Fed. R. Civ. Pro. Rule 12(f).

**ARGUMENT**

The Plaintiff summarizes the holding of the Court in this way, "*Lange*, at its core, stands for the proposition that law enforcement may not categorically enter the home without permission to pursue a fleeing misdemeanor suspect." (Doc. 149, PageID 1638). In the same breath, the Plaintiff remarkably points out a key distinguishing factor between her case and *Lange* when she states, "Here, Yates was not even a fleeing suspect." (*Id*). These Defendants, generally, agree with the Plaintiff's summation of *Lange*, they just wholeheartedly disagree that it has any bearing on the immediate case. *Lange* is simply a repudiation of an overly broad position that every pursuit of a suspected misdemeanant always qualifies as an exigent circumstance. *Lange, supra*, and that the "need to pursue a misdemeanant does not trigger a categorical rule allowing home entry, even absent a law enforcement emergency". *Lange*, at 7.

In her Notice of Supplemental Authority, Plaintiff correctly notes that Yates was not a fleeing suspect and there was not even a misdemeanor which gave rise to the incident. Her confusion arises from the inapplicability of *Lange* – Yates instead was a squatter, trespassing upon land which did not belong to him. The Plaintiff in her Notice abuses the Fourth Amendment citing to the inviolability of Yates' dwelling; however, this is not a Fourth Amendment case, and there was no seizure of property, *per se*. Defendants instead were executing a Writ of Possession issued by a court of competent jurisdiction to restore actual possession of the land. The Plaintiff's abuse of the Fourth Amendment altogether dismisses the affirmative duty placed upon the Sheriff to remove a tenant in possession who failed to peaceably yield. The Alabama Supreme Court stated this duty very clearly in *Lankford*:

> "In the execution of a writ of possession, **it is the duty of the sheriff to place the plaintiff in the actual and peaceable possession of the premises recovered**. If the tenant in possession does not yield peaceably and quietly, **he must be removed**, and until he is removed, the writ is not executed. The defendant did not obtain possession by quietly riding on the premises with the sheriff, and the idle declaration, "Here is your land; I put you in possession under the writ," of which those who were in actual possession had no notice or information. Possession of lands is not legally transferred by such ceremonies."

*Lankford v. Green*, 62 Ala. 314, 319–20 (1878)[1] (internal citations omitted) (emphasis added). The Court made clear in *Lankford* that non-forceable attempts at restoring *actual* possession of real property do not automatically satisfy this duty and that, from time to time, the Sheriff may need to physically remove a trespasser that has not yielded peaceably and quietly. *Id*.

Yates essentially left law enforcement three options: (1) continue to return and request that anyone on the premises vacate the mobile home[2], (2) to remove the mobile home from its foundation, and transport it with Yates and his possessions still inside, or (3) to try to peaceably remove Yates with as little force as possible from property which does not belong to him, and transport his mobile home elsewhere. Clearly option three is the only tenable solution and was the solution that law enforcement attempted before Yates opened fire.

The case before this Court has nothing to do with whether a warrant was needed while in pursuit of a misdemeanant. While the advent of mobile homes may admittedly complicate the adage that "a man's house is his castle", consider instead if Mr. Yates' castle was not mobile home, but rather an RV. Under the Plaintiff's argument, the Fourth Amendment would have given Yates

---

[1] The Plaintiff raises an issue with the age of *Lankford*, without providing sufficient justification for why it is no longer good law. Without belaboring the point, the age of a case alone does not render a case non-binding, *See e.g., Marbury v. Madison*, 5 U.S. 137, 138, 2 L. Ed. 60 (1803). Instead, it indicates that the principles established by such a case are seminal and foundational to all jurisprudence which follows.

[2] Again, this was the third time that officers attempted to execute the Writ of Possession, and the Alabama Supreme Court unequivocally held that this option or other ceremonial declarations do not legally transfer possession of the land to its rightful owner. *Lankford*, 62 Ala. 314, 319–20.

the freedom to park and live wherever he chooses simply because such RV is his "dwelling" and that a warrant would be needed before the Yates' dwelling could be moved.

This case is rather straightforward. A court of competent jurisdiction ordered the Sheriff to remove Yates from this property, Yates refused to peaceably surrender possession of the real property after multiple attempts, the Alabama Supreme Court has placed an affirmative duty upon the Sheriff to remove the Plaintiff from the property, the Plaintiff attacked officers as they tried to restore actual possession of the land to the landowner. Because nothing in the facts before this Court has anything remotely to do with *Lange* and whether a warrant is needed to pursue a misdemeanant who has fled into his home, these Defendants respectfully request that this Court strike, or at minimum disregard, the Plaintiff's Notice of Supplemental Authority as the citied authority is neither material nor pertinent to the issues before this Court.

Respectfully submitted this 12th day of July 2021.

            **s/J. Randall McNeill**
            J. RANDALL MCNEILL (ASB-4841-E29J)
            JOSHUA A. WILLIS (ASB-4928-M10T)
            Attorneys for Defendants Sheriff Huey Hoss Mack, Baldwin County, Alabama, Robert Correa, Greg Smith, Tony Nolfe, Nathan Lusk, Justin Correa, Steve Arthur, and Andre Reid
            WEBB MCNEILL WALKER PC
            7475 Halcyon Pointe Drive (36117)
            Post Office Box 240909
            Montgomery, Alabama 36124
            (334) 262-1850 T
            (334) 262-1889 F
            rmcneill@wmwfirm.com
            jwillis@wmwfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 12th day of July 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Francois M. Blaudeau
Evan T. Rosemore
2224 1st Avenue North
Birmingham, AL 35203
evan@southernmedlaw.com
francois@southernmedlaw.com

Anthony J Piazza
Anthony Piazza, P.C.
P.O. Box 550217
Birmingham, Alabama 35255
anthonypiazza0326@hotmail.com

William Douglas Montgomery, Jr.
107 St. Francis Street, Suite 3340
Mobile, AL 36602
monty@ball-ball.com

                                                **/s/J. Randall McNeill**
                                                OF COUNSEL