## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **AIMEE LYNNE YATES,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 1:20-00131-KD-B** |
| | ) | |
| **HUEY HOSS MACK,** *et al.*, | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on Defendant Baldwin County, Alabama's Rule 12(b)(6) motion to dismiss (Docs. 136, 137, 144), Plaintiff Aimee Lynn Yates (Yates)' Response (Doc. 147), and said Defendant's Reply (Doc. 148).

## I.    Background

On March 5, 2018, Robert Lewis Yates, Jr. (Mr. Yates) was shot and killed in connection with the execution of an alias writ of possession (and resulting standoff) at his home, a mobile home trailer located at the Key Allegro Villas Retirement Community in Fairhope, Alabama (Baldwin County, Alabama).  (Doc. 1; Doc. 78; Doc. 131).  Plaintiff Aimee Lynne Yates (Yates) is Mr. Yates' daughter.  As a result of her father's death, on March 4, 2020 Yates initiated this action[1] against 39 Defendants alleging claims under 42 U.S.C. § 1983 including excessive force and violations of the First, Second, Fourth, and Fourteenth Amendments, discrimination under the Americans with Disabilities Act, negligence, wantonness, wrongful death, abuse of process (including conspiracy), breach of implied warranty of habitability, and reckless infliction of emotional distress.  (Doc. 1).  On July 15, 2020, Yates voluntarily dismissed her claims against the Baldwin County Sheriff's Office, the Baldwin County Major Crime Unit Task Force, and the

---

1 In her capacity as the personal representative of his estate.

Baldwin County SWAT Team. (Doc. 72; Doc. 90 at 2 at FN 1 (adopted per Doc. 92)).  On March 2, 2021, Yates also moved to dismiss 24 individual defendants (Judd Beedy, Chad Lambert, Jason Woodruff, Chuck Sutherlin, Glen Hartenstein, Larry Dearing, Tony Nelson, Charles Varnado, Bill Smith, Curtis Summerlin, Daniel Steelman, Donnie Payne, Jarrod Sheffield, Jason Hall, Joseph Davis, Larry Paul, Jr., Lonnie McKinney, Mathew Hunady, Matt Morrison, Nate Lamplugh, Randy Younce, Rob Lindell, Shane Robinson, and Rex Bishop), and to file an amended complaint. (Doc. 128; Doc. 129).  On March 10, 2021, the Court granted Yates' motion.  (Doc. 130).

The Second Amended Complaint alleges Fourth and Fourteenth Amendment claims, Section 1983 claims, ADA claims, and state law claims, against 11 defendants: Baldwin County, Alabama (Baldwin); Justin Correa (J. Correa) and Robert Correa (R.Correa),[2] Tim Debourge (T.Debourge) and Don Debourge (D.Debourge);[3] Huey Hoss Mack (Mack);[4] Steve Arthur (Arthur), Nathan Lusk, Tony Nolfe (Nolfe), Andrew Reid (Reid), and Greg Smith (Smith).[5]  (Doc. 131).  As to Baldwin County, Yates generally asserts claims in the complaint based on the actions/inactions of Sheriff Mack and his deputies, the Baldwin County 911 Call Center (Call Center), and/or the Baldwin County Probate Court (Probate Court), and specifically asserts a claim for disability discrimination (Count IX) -- as follows:[6]

---

2 Deputies with the Baldwin County Sheriff Department, sued in their individual capacities. J.Correa is also sued as a member of the Baldwin County Swat Team.

3 Owner of Key Largo Villas Retirement Community, the mobile home park in Baldwin County where the incident occurred. D.Debourge is sued in his individual capacity.  T.Debourge is his son.

4 Baldwin County, Alabama Sheriff.

5 Baldwin County Swat Team Members, sued in their individual capacities.

6  The Court has not included Yates' allegations against the Sheriff's Office, Task Force, and/or Swat Team, as she voluntarily dismissed those defendants were voluntarily dismissed from this case.

55. All of the named individual defendants ...were acting under color of law outside the line and scope of the employment ... executing the writ of possession under the authority of the officials of Defendants Baldwin County....

56. ... it is the policy or custom of .... Baldwin County ... to allow, to fail to prohibit, or fail to discipline such actions, so as to constitute the policy of ... Baldwin County..... Further, said defendants failed to train its officers, despite notice of the need to do so, to avoid such constitutional violations. .... no reasonable policies and procedures in place exist. The breach in this case was done without a search warrant on Yates's mobile home in violation of the Fourth Amendment. All named Defendants are liable for said breach.

***

85. Yates suffered from depression and other recognized disabilities under the Americans with Disabilities Act.

86. Baldwin County, Alabama, through, and employers in the Probate Court of Baldwin County, including the sheriff deputies its agents, officers they employed to assist in involuntary commitment hearings, knew of Yates' mental disability and disorders, having initiated several involuntary commitment proceedings against Yates in the past through the Probate Court of Baldwin County, Alabama, and by Yates' own 911 calls to the Baldwin County 9-1-1 District Call Center.

87. Yates desperate pleas for help were ignored by Baldwin County, Alabama, by and through, defendant Sheriff Mack whose sheriff deputies act as officials who are employed to assist in probate court involuntary commitment hearings, in Baldwin County, Alabama, and by the Baldwin County 9-1-1 District Call Center, and other officials who were in charge of their operations.

88. Said actions by said Baldwin County, Alabama and its officials constitute disability discrimination under the Americans with Disabilities Act.

***

(Doc. 131 at 26, 36-37).

## II.    <u>Motion to Dismiss Standard of Review</u>

Baldwin County moves to dismiss Yates' claims per Fed.R.Civ.P. Rule 12(b)(6).   In deciding a Rule 12(b)(6) motion for failure to state a claim upon which relief may be granted, courts construe the complaint in the light most favorable to the plaintiff, "accepting all well-pleaded facts that are alleged therein to be true." Miyahira v. Vitacost.com, Inc., 715 F.3d 1257, 1265 (11th Cir. 2013).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

3

need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555). "[T]o survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Id. at 570. While this "plausibility standard is not akin to a 'probability requirement' at the pleading stage ... the standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the claim." Id. at 556. Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Courts adopt a two-pronged approach for such motions: 1) eliminate any allegations that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. And "[i]mportantly, ... courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." Twombly, 550 U.S. at 567.

III.  **Discussion**

Yates' general claims against Baldwin County are due to be dismissed *as a matter of law*. Yates asserts that Baldwin County is the employer of Probate Court, sheriff/ deputies, and Call Center (Doc. 131 at ¶86) -- based on a *respondeat superior* framework -- such that the county is liable for their inactions/actions.  From this, Yates' claims are rooted in the mistaken beliefs that: 1) Sheriff Mack and his deputies are agents of the county; 2) the Call Center is an agent of the

4

county; and 3) the Probate Court is an agent of the county -- rather than a political and legal subdivision of the State of Alabama.  However, as a matter of case law: 1) the Sheriff and his deputies are agents of the State of Alabama, not the county; 2) the Call Center is a political and legal subdivision of the State of Alabama, not an agent of the county; and 3) the Probate Court is a judicial body and treated as an arm of the State of Alabama judicial system, not the county. As a result, Baldwin County cannot be held liable for the actions of Sheriff Mack or his deputies, the Call Center, and/or the Probate Court, *as a matter of law*.  See, e.g., McMillian v. Monroe Cty., Ala., 520 U.S. 781, 789 (1997) ("...sheriffs are state officers, and ... tort claims brought against sheriffs based on their official acts...constitute suits against the State, not suits against the sheriff's county...[--]" holding that the sheriff was a policymaker for the State of Alabama, not for the sheriff's county); Snow v. King, 2018 WL 656032, *7 (N.D. Ala. Feb. 1, 2018) (discussing ALA. CONST. 1901, § 139 and holding that in Alabama, municipal courts (and generally courts of the unified judicial system -- including probate courts) are "treated as an arm of the state judicial system[]"); Hester v. Lowndes Cty. Com'n, 2006 WL 2547430, *5-6 (M.D. Ala. Sept. 1, 2006) (a deputy sheriff is an officer of the State of Alabama, not an employee of the county such that a county cannot be held liable in *respondeat superior* for the acts of a county deputy, who is a state officer (not a county employee);  ALA. CONST. 1901, § 139 ("... the judicial power of the state shall be vested exclusively in a unified judicial system which shall consist of .... a probate court[]"); Ala. Code §§ 11-98-1 *et seq.* (all Alabama call centers authorized to be created by the governing bodies of cities and counties under this section are "political and legal subdivisions of the state, with power to sue and be sued in their corporate names[]"); Ala. Code § 12-1-2 ("The judicial power of the state is vested exclusively in a unified judicial system which shall consist of ... a probate court[]"); Ex parte Sumter Cty., 953 So.2d 1235, 1239 (Ala. 2006) (sheriffs and sheriffs'

deputies are not county employees but are executive officers of the State of Alabama, meaning

that the sheriff's county cannot be held vicariously liable for his or her actions or inactions);

Hutchison v. Choctaw Cty. Emergency Comm. District, 906 So.2d 933, 937 (Ala. Civ. App. 2004)

(the emergency communication districts in the State of Alabama are political and legal subdivision

of the state, with the power to sue and be sued in their corporate names -- "in other words, although

[the Call Center] .... was created by a county commission, the plaintiffs' claim against it is not a

claim against a 'county'....").

    **Similarly, Yates' ADA claims against Baldwin County are due to be dismissed *as a**

***matter of law*.**  Title II of the ADA provides that "[n]o qualified individual with a disability shall,

by reason of such disability, be excluded from participation in, or be denied the benefits of services,

programs, or activities of a public entity, or be subjected to discrimination by any public entity."

42 U.S.C. § 12132.  Specifically, as set forth in Rylee v. Chapman, 316 Fed. Appx. 901, 905-906

(11th Cir. 2009), to establish a *prima facie* case under the ADA, the plaintiff must show:

> (1) that he is a qualified individual with a disability; (2) that he was either
> excluded from participation in or denied the benefits of a public entity's
> services, programs, or activities, or was otherwise discriminated against by
> the public entity; and (3) that the exclusion, denial of benefit, or
> discrimination was by reason of the plaintiff's disability.

> *Bircoll v. Miami–Dade County,* 480 F.3d 1072, 1083 (11th Cir.2007). A plaintiff
> can proceed on theories of intentional discrimination, disparate treatment, or failure
> to make reasonable accommodations. *Schwarz v. City of Treasure Island,* 544 F.3d
> 1201, 1212 n. 6 (11th Cir.2008). In cases alleging a failure to make reasonable
> accommodations, the defendant's duty to provide a reasonable accommodation is
> not triggered until the plaintiff makes a "specific demand" for an accommodation.
> *Gaston v. Bellingrath Gardens & Home, Inc.,* 167 F.3d 1361, 1363 (11th Cir.1999).

See also 42 U.S.C. § 12131).  In the Eleventh Circuit, "whether a requested accommodation is

required by law is highly fact-specific, requiring case-by-case determination." United States v.

Hialeah Hous. Auth., 418 Fed. Appx. 872, 875 (11th Cir. 2011) (citation omitted) (\ reasonable

accommodations under the Fair Housing Act).  The focus is whether the defendant "[has] enough information to know of both the disability and desire for an accommodation, or circumstances must at least be sufficient to cause a reasonable [defendant] to make appropriate inquiries about the possible need for accommodation." Id. 876.  "[F]or a demand to be specific enough to trigger the duty ... the defendant must have enough information to know of both the disability and a desire for an accommodation, or circumstances must at least be sufficient to cause a reasonable [defendant] to make appropriate inquiries about the possible need for an accommodation." Id.

In the Complaint, Yates alleges that Mr. Yates suffered from depression and other disabilities under the ADA and that Baldwin County -- via involuntary commitment proceedings against him in Probate Court (with which the sheriff and deputies assisted) and 911 calls to the Call Center -- "knew or should have known" of his mental disability/disorders but ignored "his desperate pleas for help[.]"  (Doc. 131 at 36-37 at ¶¶ 86-87)).  Yates also argues that her ADA claim is based on the same allegations as her claims of violation of due process and deliberate indifference to Mr. Yates' serious medical needs.  Yates frames her ADA claim as follows:

> ... Baldwin County ... knew or should have known of Yates' mental disability, but ignored his 911 calls and his family's desperate pleas for help, and in so doing failed to make reasonable accommodations ... including access to medical and mental health treatment .....

(Doc. 147 at 21).

However, as detailed *supra*, Baldwin County cannot be liable for the actions or inactions of the Probate Court, Call Center, Sheriff and/or his deputies, because they are not agents or employees of the county.  Rather, respectively, they are part of the unified judicial system of the State of Alabama, a political/legal subdivision of the State of Alabama, and officers of the State of Alabama.  See supra.  See also e.g., Slaughter v. Dooly Cty., 2007 WL 2908648, *8 and *15 (M.D. Ga. Sept. 28, 2007) (Plaintiff's ADA claim -- failure to .... accommodat[e] -- concern state, not

county, functions. In carrying out these functions, the sheriff acts as an official of the State, not the County. Thus, Dooly County is not the proper "public entity" which bears responsibility for the conduct alleged to have violated the ADA. *See* 42 U.S.C. § 1213(1)[]").

## III.  <u>Conclusion</u>

As such, it is **ORDERED** that Defendant Baldwin County, Alabama's motion to dismiss (Docs. 136, 137, 144) is **GRANTED** and Plaintiff Yates' claims against Baldwin County are hereby **DISMISSED.**  It is further **ORDERED** that Defendant Baldwin County, Alabama is **GRANTED LEAVE** to file a motion for attorney's fees and costs on or before **November 16, 2021**; any response by Yates shall be filed on or before **November 23, 2021;** and any reply by said defendant shall be filed on or before **November 30, 2021.**[7]

**DONE** and **ORDERED** this the **8th** day of **November 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**

---

7 Baldwin County specifically requested such in its motion to dismiss.